IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ABRAHAM MALONE,<br>Reg. No. 08386-003, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) CIVIL ACTION NO. 2:18-CV-261-ALB<br>) [WO] |
| WARDEN WALTER WOODS, *et al.*, | )<br>) |
| Defendants. | ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a federal inmate, filed this *Bivens*[1] civil rights action challenging the conditions of confinement at the Maxwell Federal Prison Camp in Montgomery, Alabama. On May 10, 2018, the court entered an order of procedure directing Defendants to file an answer and special report. Doc. 17. The order also directed Plaintiff that he "shall immediately inform the court and Defendants or Defendants' counsel of record of any change in his address." Doc. 17 at 3, ¶7. The order further advised Plaintiff that "[f]ailure to provide a correct address to this court within ten (10) days following any change of address will result in the dismissal of this action." *Id.*

On July 29, 2019, Plaintiff's copy of a court filing entered June 26, 2019, was returned to the court marked as undeliverable because Plaintiff is no longer housed at the last service address he filed with the court. Accordingly, the court entered an order on October 29, 2019, requiring that by November 8, 2019, Plaintiff file with the court a current address or show cause why this case should not be dismissed for his failure to adequately prosecute this action. Doc. 37. This order specifically advised Plaintiff this case could not proceed if his whereabouts remained unknown

---

[1] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

and cautioned him that his failure to comply with its directives would result in the dismissal of this case. *Id*. Plaintiff's copy of the October 29, 2019, order was returned to the court on November 12, 2019, marked as undeliverable.

The foregoing makes clear Plaintiff has failed to comply with the directives of the orders entered by this court and reflects a lack of interest in the continued prosecution of this case. This action cannot proceed properly in Plaintiff's absence. The court, therefore, concludes this case is due to be dismissed. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge this case be DISMISSED without prejudice for Plaintiff's failure to comply with the orders of this court and to prosecute this action.

It is further

ORDERED that **on or before November 29, 2019**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust*

*Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

    Done, this 14th day of November 2019.


                                   /s/   Charles S. Coody
                             UNITED STATES MAGISTRATE JUDGE